IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MAE SELLERS**  **PLAINTIFF**

**v.**  **Civil No. 2:21-cv-00148-HSO-BWR**

**VOLKSWAGEN AG,**
**VOLKSWAGEN OF AMERICA, INC.,**
**and VOLKSWAGEN OF AMERICA**
**CHATTANOOGA OPERATIONS, LLC**  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT VOLKSWAGEN AG'S MOTION [38] TO DISMISS

BEFORE THE COURT is Defendant Volkswagen AG's Motion [38] to Dismiss for lack of personal jurisdiction. The Motion [38] is fully briefed. Having considered the Motion [38], the record, and relevant legal authority, the Court finds that Defendant's Motion [38] should be granted and that Volkswagen AG should be dismissed from this civil action.

### I. BACKGROUND

Plaintiff Mae Sellers ("Plaintiff") filed a Complaint [9-1] in the Circuit Court of Covington County, Mississippi, on June 21, 2021, seeking damages for injuries suffered from an allegedly defectively designed 2013 Volkswagen Passat. Ex. [9-1] at 1-3. The case was removed to this Court on grounds of diversity jurisdiction.[1]

---

[1] The Court notes that, while neither the Notice of Removal [1] nor the Complaint [9-1] properly allege the citizenship of Volkswagen of America Chattanooga Operations, LLC, the Court nevertheless finds that it has subject-matter jurisdiction on grounds of diversity jurisdiction when the record as a whole is considered. The citizenship of a limited liability company is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir.

1

Notice of Removal [1] at 2-3. According to her Complaint [9-1], Sellers suffered neck, shoulder, and back injuries when a rear tire on her vehicle blew out suddenly and the driver-side airbag deployed. Ex. [9-1] at 1-2. She alleges that the airbag deployed due to the defective design and manufacture of the vehicle. *Id.* at 2-3. The Complaint [9-1] names Volkswagen AG, Volkswagen of America, Inc., and Volkswagen of America Chattanooga Operations, LLC,[2] as Defendants (collectively "Volkswagen Defendants"). *Id.* at 1.

On May 27, 2022, Defendant Volkswagen AG ("Volkswagen AG") filed a Motion [38] to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), asserting that it has insufficient contacts with Mississippi for the Court to exercise personal jurisdiction over it. Mot. [38] at 1. As evidence of its lack of contacts with Mississippi, Volkswagen AG submitted affidavits describing the role of the Volkswagen Defendants in the production and sale of Volkswagen vehicles in the United States. Ex. [38-1]; [38-2]; [38-5]. It also submitted the Tennessee Secretary of State filing information for Volkswagen of America Chattanooga Operations, LLC, Ex. [38-3], and the Virginia Secretary of State filing information for

---

2008). The record reflects that Volkswagen of America Chattanooga Operations, LLC is wholly owned by Volkswagen of America, Inc., another defendant in the case that is diverse from Plaintiff. *See* Corporate Disclosure Statement of Defendant Volkswagen of America Chattanooga Operations, LLC [6] at 1; Notice of Removal [1] at 2-3 (alleging that Plaintiff is a citizen of Mississippi and Volkswagen of America, Inc. is incorporated in New Jersey with a principal place of business in Virginia); Ex. [38-3] at 1 (showing that Volkswagen of America Chattanooga Operations, LLC is a limited liability company with one member). Thus, Volkswagen of America Chattanooga Operations, LLC is diverse from Plaintiff and complete diversity exists in this case.

[2] Volkswagen AG's Motion [38] refers to Volkswagen of America, Inc., as Volkswagen Group of America, Inc., and to Volkswagen of America Chattanooga Operations, LLC, as Volkswagen Group of America Chattanooga Operations, LLC. *See* Mot. [38] at 1. This Order will refer to those Defendants as they are named in the Complaint [9-1].

2

Volkswagen of America, Inc., Ex. [38-6].  Further, it filed various exhibits providing information about Plaintiff's vehicle at issue. Ex. [38-4] (picture of VIN plate of vehicle); Ex. [38-7] (vehicle information report); Ex. [38-8] (CARFAX vehicle history report); Ex. [38-9] (application for vehicle title and title certificate).

Volkswagen AG is an automobile designer and manufacturer that is organized in Germany, conducts its business operations in Germany, and has its principal place of business in Germany.  Mem. [39] at 2-3; Ex. [38-1] at 1.  In support of its Motion [38] to Dismiss, Volkswagen AG states that "it does not design or manufacture any vehicles or component parts in Mississippi; it does not sell vehicles in the United States; and it does not implement or control any distribution system for Volkswagen vehicles in the United States." Mem. [39] at 3-4; *see also* Ex. [38-1] at 2.  It maintains that its "involvement with the subject vehicle was limited to design activities which took place in Germany." Mem. [39] at 8.  Volkswagen AG claims that its subsidiaries, the other Volkswagen Defendants, assembled the vehicle and distributed it for sale. *Id.* at 3; Ex. [38-2] at 1-2; Ex. [38-4] at 1; Ex. [38-5] at 1-2.  According to Volkswagen AG, Volkswagen of America, Inc. "has the complete and exclusive decision-making authority, control, discretion, and oversight over the distribution of vehicles in the United States, and specifically, to Mississippi." Mem. [39] at 9 n.1; Ex. [38-5] at 2.

Plaintiff responds that the Court has personal jurisdiction over Volkswagen AG based on a stream-of-commerce theory.  Mem. [41] at 4.  Plaintiff contends that Volkswagen AG designed the 2013 Passat with the intention that it would be sold

3

throughout the United States, including in Mississippi. *Id.* at 5. Plaintiff does not point to any other contacts with Mississippi besides the design of her vehicle and others like it that eventually made their way to Mississippi. *See id.* at 3-6. Plaintiff also includes a request for jurisdictional discovery, but did not file a separate motion for such discovery and has not stated what type of evidence she would seek. *Id.* at 6. Plaintiff has not submitted any evidence related to this Motion [38].

In reply, Volkswagen AG claims that it "did not sell or manufacture the subject vehicle" and therefore "did not deliver the subject vehicle into the stream of commerce." Reply [42] at 4. It further argues that Plaintiff's request for jurisdictional discovery should be denied because she has not identified any specific discovery requests she plans to serve or what evidence she would seek if her request were granted. *Id.*

## II. DISCUSSION

A.    <u>Relevant legal authority</u>

A plaintiff bears the burden of proof to establish that a court's exercise of personal jurisdiction over a nonresident defendant is proper. *Bullion v. Gillespie*, 895 F.2d 213, 216-217 (5th Cir. 1990). When a district court decides a Rule 12(b)(2) motion to dismiss without an evidentiary hearing, "a party need only present facts sufficient to constitute a prima facie case of personal jurisdiction." *Id.* at 217 (quoting *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989)); *In re Depuy Orthopaedics, Inc.*, 888 F.3d 753, 778 (5th Cir. 2018). In deciding whether personal jurisdiction exists, a court may consider the contents of the record at the time of the

motion, including any affidavits or other methods of discovery. *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 344 (5th Cir. 2002). A court must accept a plaintiff's uncontroverted allegations as true and "resolve in [her] favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Alpine View Co. v. Atlas Copco A.B.*, 205 F.3d 208, 215 (5th Cir. 2000). The Court finds the full record, including the exhibits submitted by Volkswagen AG in support of its Motion [38], enables it to resolve this jurisdictional question and will consider these submitted materials in addition to Plaintiff's allegations in the Complaint [9-1]. However, the Court finds that an evidentiary hearing is not necessary and thus Plaintiff need only establish a prima facie showing of personal jurisdiction.

B.  Personal jurisdiction

For a federal court to exercise personal jurisdiction over a nonresident defendant, two requirements must be satisfied: (1) "the forum state's long-arm statute must confer personal jurisdiction," and (2) "the exercise of jurisdiction must not exceed the boundaries of the Due Process Clause of the Fourteenth Amendment." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006). Volkswagen AG contends that it has insufficient contacts with Mississippi such that exercising personal jurisdiction over it would violate the Due Process Clause. Mem. [39] at 5-10.

1.  Mississippi's long-arm statute

Under Mississippi's long-arm statute, a court can exercise personal jurisdiction over any nonresident who "commit[s] a tort in whole or in part in

5

[Mississippi]." Miss. Code Ann. § 13-3-57.  For purposes of the long-arm statute, a tort is committed in Mississippi when the plaintiff's injury occurs in Mississippi.  *Dunn v. Yager*, 58 So. 3d 1171, 1185 (Miss. 2011).  Plaintiff's Complaint [9-1] does not specify where her injuries occurred, *see generally* Ex. [9-1], but Volkswagen AG states that Plaintiff's car accident occurred in Covington County, Mississippi, Mem. [39] at 1.  In opposition to Volkswagen AG's Motion [38] to Dismiss, Plaintiff also asserts that her claims "are based upon a tort committed in whole or in part in Mississippi against a Mississippi resident which damaged Mississippi property."  Mem. [41] at 3.  Since Volkswagen AG bases its argument for dismissal on the Due Process Clause, the Court will assume without deciding that Mississippi's long-arm statute would permit the exercise of personal jurisdiction and proceed to the Due Process Clause analysis.

2.   Due Process Clause of the Fourteenth Amendment

Under the Due Process Clause of the Fourteenth Amendment, a court can exercise personal jurisdiction over a defendant if the forum state has either general or specific jurisdiction over the defendant.  *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, --- U.S. ----, 141 S. Ct. 1017, 1024 (2021).  Plaintiff does not argue that Volkswagen AG has continuous and systematic contact with Mississippi necessary to support the exercise of general jurisdiction; instead, she limits her argument to the fact that the act of designing vehicles that are sold nationwide is sufficient to confer specific personal jurisdiction in this case.  Mem. [41] at 4-6.

6

Specific jurisdiction has three components. First, a defendant must "purposefully avail itself of the privilege of conducting activities in the forum State." *Ford Motor Co.*, --- U.S. -----, 141 S. Ct. at 1024 (quoting *Hanson v. Denckla,* 347 U.S. 235, 253 (1958)). Second, the claims asserted against the defendant "must arise out of or relate to the defendant's contacts with the forum." *Id.* (quotation omitted). Third, it must be "fair and reasonable" to require the defendant to defend the suit in the forum. *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 318 (5th Cir. 2021). The plaintiff bears the burden of demonstrating personal jurisdiction, but if the first two prongs are met, the defendant must demonstrate that exercising jurisdiction would be unfair or unreasonable. *Id.*; *Seiferth*, 472 F.3d at 271.

Plaintiff takes the position that Volkswagen AG is subject to personal jurisdiction based on a stream-of-commerce theory. Mem. [41] at 4-5. Under the stream-of-commerce theory, a nonresident defendant purposefully avails itself of the forum state when it "delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state." *Seiferth*, 472 F.3d at 273 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980)). A plaintiff must show more than a likelihood that the product will enter the forum state; the defendant must "place[] a product in the stream of commerce as part of a sales or distribution network designed to market its products nationwide (or at least outside of its home state) where it would derive financial benefit from sales in the forum." *Choice Healthcare, Inc. v. Kaiser Found. Health*

7

*Plan*, 615 F.3d 364, 373 (5th Cir. 2010). The stream-of-commerce theory subjects defendants at various points in the distribution chain to personal jurisdiction in the forum "regardless of whether that participant directly conducts business in the forum State" so long as the defendants are "aware that the final product is being marketed" there. *Id.* (quoting *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 117 (1987) (Brennan, J., concurring)).

While Plaintiff argues that the stream-of-commerce theory should apply "where the product was designed by a foreign designer which intended the automobiles it designed to be sole and used" worldwide, Mem. [41] at 5, the Fifth Circuit has distinguished between designers and manufacturers of products, *see Seiferth*, 472 F.3d at 275 (declining to apply the stream-of-commerce theory to a product designer because he "did not place a product into the stream, but merely licensed a design"). For the stream-of-commerce theory to apply, a defendant ordinarily must place a product into the stream of commerce. *Id.* Volkswagen AG denies that it placed any product into the stream of commerce related to this case, arguing that its "involvement with the subject vehicle was limited to design activities." Mem. [39] at 8. Plaintiff bases her personal jurisdiction argument on Volkswagen AG designing a product that ultimately entered the stream of commerce rather than Volkswagen AG manufacturing or distributing a product into the stream of commerce directly. *See* Mem. [41] at 2, 3-4 ("This Court has personal jurisdiction over Defendant, as the designer of the defective automobile and air bag system."; "Mae Sellers claim [sic] is that Volkswagen AG designed a defective

8

product and introduced it into the stream of commerce and that she was damaged by the defective design.").

Despite the usual distinction between design and manufacture, "a nonmanufacturing parent will sometimes lie within the stream" of commerce because it significantly contributed to the product's placement in the stream of commerce. *See In re Depuy Orthopaedics, Inc.*, 888 F.3d at 779-80. Thus, the stream-of-commerce theory applies when a parent company "participated in developing [the product], greenlighted its sale worldwide, held the product out as its own, independently promoted the product, exercised ultimate controlling authority over the product's design and promotion, and derived revenue from its sale." *Id.* at 780. However, without evidence of control over the sale, distribution, and marketing of the product by the company, the stream-of-commerce theory does not apply to a company that only designs the product. *See id.* at 780 n.46 (citing *Seiferth*, 472 F.3d at 269-70).

Volkswagen AG acknowledges that it is the parent company of the entities that manufactured and sold the vehicle at issue. Mem. [39] at 3; Ex. [38-2] at 1-2; Ex. [38-5] at 1-2. But Plaintiff has not argued that Volkswagen AG controlled the sale, distribution, or marketing of the 2013 Passat, *see generally* Compl. [9-1]; Resp. [40]; Mem. [41], and Volkswagen AG states that its subsidiary Volkswagen of America, Inc. "has complete and exclusive decision-making authority, control, discretion, and oversight concerning which of those vehicles will be delivered to Mississippi, marketed in Mississippi, or sold to Mississippi dealerships," Ex. [38-5]

9

at 2. In response to Volkswagen AG's evidence, Plaintiff has not produced any evidence indicating anything beyond mere design linking Volkswagen AG to Mississippi. *See generally* Compl. [9-1]; Resp. [40]; Mem. [41]. This is insufficient to show that Volkswagen AG purposefully availed itself of Mississippi's laws. *See Seiferth*, 472 F.3d at 275. She therefore has not made a prima facie showing that the Court has specific personal jurisdiction over Volkswagen AG.

C.      Plaintiff's request for discovery

Plaintiff's Memorandum [41] in Response includes a request that the Court permit her to conduct jurisdictional discovery before dismissing Volkswagen AG for lack of personal jurisdiction. Mem. [41] at 1. As the party opposing dismissal and seeking discovery, Plaintiff must demonstrate the need for discovery by pointing to evidence sought that would change the jurisdictional determination. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014); *Getagadget, L.L.C. v. Jet Creations Inc.*, No. 19-51019, 2022 WL 964204, at *6 (5th Cir. Mar. 30, 2022) (per curiam) (evaluating a request for jurisdictional discovery by "consider[ing] whether the requesting party has made specific allegations that the evidence it seeks is likely to support a finding of jurisdiction"). Plaintiff has not stated what evidence she plans to seek in discovery, much less how such evidence would demonstrate that Volkswagen AG is subject to the personal jurisdiction of the Court. *See* Mem. [41] at 6. Plaintiff's request for jurisdictional discovery is not well taken and should be denied.

III. CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Volkswagen AG's Motion [38] to Dismiss is **GRANTED**, and Plaintiff Mae Sellers's claims against Defendant Volkswagen AG are **DISMISSED** without prejudice for lack of personal jurisdiction.

**SO ORDERED AND ADJUDGED**, this the 6th day of September, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE